IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. CIV-08-1140-C |
| JEFFERY QUINE and TRACIE QUINE, individually and as natural parents of A.W., a minor*, ) ) ) ) ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

On November 19, 2005, the vehicle in which A.W. was riding was struck by another vehicle. As a result of the collision, A.W. suffered injuries. A.W. eventually resolved her claims with the tortfeasor's insurance policy in August of 2007. A.W. then presented a claim to her insurance company, Plaintiff, Government Employees Insurance Company ("GEICO"), for underinsured motorists benefits ("UIM"). To date, however, the parties have been unable to resolve A.W.'s UIM claim. On October 24, 2008, GEICO filed a declaratory judgment action against Defendants Quine and Watkins. Therein, GEICO requested that the Court determine and adjudicate the rights and liabilities of the parties with respect to the subject contract of insurance, specifically, that the Court find and determine: that neither the insurance policy nor Oklahoma law requires GEICO to furnish to its insured a copy of its

---

* A.W. is identified by the parties throughout their briefs by name; however, Fed. R. Civ. P. 5.2 and LCvR5.2.1 require that minors be identified by initials only. Counsel are directed to correct this error in any future filings.

claim file or its written evaluation of its insured's UIM claim; and that the Court declare that neither GEICO's insurance policy nor Oklahoma law requires GEICO to pay to its insured what she has referred to as the undisputed amount. On November 14, 2008, the Defendants answered and filed a counterclaim seeking declaratory relief and damages for Plaintiff's alleged bad faith handling of A.W.'s UIM claim. In that counterclaim, Defendants noted that on May 1, 2008, a claim was made for UIM benefits on behalf of A.W., that Plaintiff failed to properly evaluate that claim and breached the implied covenant of good faith and fair dealing in its handling of A.W.'s claim. The parties have now each filed summary judgment motions seeking final disposition of the allegations raised in their quests for declaratory relief.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into

evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Resolution of GEICO's first request is relatively straightforward. That is – does an insurer have an obligation to turn over its claim file prior to a bad faith lawsuit being initiated. Although it does not clearly address the issue, Defendants' Response does not offer any legal or factual argument to counter GEICO's assertion that no such duty exists. Indeed, the Court's research on the matter has failed to uncover any requirement in Oklahoma law which would mandate prelitigation disclosure of a claims file. Therefore, GEICO's summary judgment will be granted on this issue.

The second quest for declaratory relief, whether GEICO has a contractual or legal duty to unconditionally pay its UIM evaluation or settlement offer or any other alleged uncontested damages, is also rather straightforward. In this action, GEICO has admitted that

A.W. was covered by the UIM policy. It is also admitted that GEICO owes A.W. some amount of benefits. Thus, Oklahoma law clearly imposes on Plaintiff a duty to pay that undisputed amount. This has been the law in Oklahoma since 1996 when the Oklahoma Supreme Court decided Pentz v. Davis, 1996 OK 89, 927 P.2d 538, 541. Plaintiff's attempts to manufacture a new definition for undisputed or uncontested amounts based on recent litigation is unavailing. Each of those cases clearly involved an issue separate and apart from the dispute here, where GEICO has admitted that it owes A.W. some amount of money. As the Oklahoma Supreme Court held in Burch v. Allstate Insurance Co., 1998 OK 129, ¶ 9, 977 P.2d 1057, 1061, the UM carrier must promptly investigate and place a value on the damage claim and pay UM benefits without regard to whether liability benefits have been paid. GEICO's failure to adhere to clearly established Oklahoma law in its handling of A.W.'s claim is an act of bad faith. While GEICO certainly is not required to pay whatever amount A.W. demanded, it must, as her insurance company, investigate her claim, evaluate it fairly and in good faith, and promptly tender the amount at which it evaluates the claim. To the extent A.W. disagrees with that resolution, the parties may negotiate and ultimately litigate the issue. It is, however, that failure to make the initial evaluation and payment that was error by GEICO in this matter. In Newport v. USAA, 2000 OK 59, 11 P.3d 190, the Oklahoma Supreme Court noted that the insurance company had an obligation to make a fair evaluation of the claim and that it would be bad faith for an insurer to offer its insured less than its own evaluation of the claim, and that the unjustified withholding of the payment that was due under a policy is bad faith. 11 P.3d at 195. Thus, as a matter of law, GEICO's

second request for declaratory relief must fail, and its motion for summary judgment on that issue will be denied.  For the same reasons, Plaintiff's request for declaratory judgment that GEICO's actions were bad faith will be granted.

GEICO also challenges three additional points in its summary judgment motion: whether it committed bad faith by scheduling a medical examination with Dr. Foster, whether any lowball offers were made, and whether a legitimate dispute exists as to the value of A.W.'s UIM claim.  None of those issues have any relevance to the issues as framed by GEICO.  Because the Court has found that GEICO's failure to pay was, in fact, bad faith, these three issues lack any relevance on that issue.  However, they are relevant in the jury's evaluation of the amount of damages to which Plaintiff is entitled and how, if at all, these acts affected Plaintiff.

A.W. has also filed a motion for summary judgment which, in large part, simply counters Plaintiff's argument that it did not have to pay an allegedly undisputed amount. Because that issue has been resolved above, further discussion is unnecessary.  Rather, the Court only notes that for the reason explained above, GEICO acted in bad faith.  The Court will addresses one final argument raised by GEICO.  GEICO argues that it could not decide what amount to pay A.W. because she has never identified the undisputed amount that should be paid. GEICO's position is contrary to Oklahoma law.  It is clear that the duty to evaluate and pay an undisputed amount rests solely at the feet of the insurance company.  Pentz, 1996 OK 89, 927 P.2d 538; Newport, 2000 OK 59, 11 P.3d 190; Burch, 1998 OK 129, 977 P.2d 1057.  Oklahoma's long history of bad faith litigation has clearly established that it is the

insurance company which bears the duty to provide the protection for which the insured pays, and when an insurance company fails to honor that obligation, it may be held accountable through a bad faith action.  Much of the argument raised by GEICO simply ignores the fact that it and A.W. were not adversaries until the declaratory judgment action was filed.  Prior to that time, Oklahoma's jurisprudence makes clear that GEICO had an obligation to act with A.W.'s interests in mind and ensure that she was protected.  Its failure to do so was an act of bad faith.

## CONCLUSION

As set forth more fully herein, Plaintiff, Government Employees Insurance Company's Motion for Summary Judgment (Dkt. No. 28) is GRANTED in part and DENIED in part.  That portion of the motion seeking judgment on the duty to disclose the claim file prior to litigation is granted.  In all other respects the motion is denied. Defendants' Motion for Partial Summary Judgment (Dkt. No. 32) is GRANTED. Oklahoma law imposes a duty on GEICO to unconditionally pay the UIM benefits its evaluation showed were owed to A.W.  The case will be set for trial on the issue of damages.

IT IS SO ORDERED this 17th  day of August, 2009.

ROBIN J. CAUTHRON
United States District Judge